# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 53173

<table>
<tr><td>

STATE OF IDAHO,

        **Plaintiff-Respondent,**

v.

**JACOB NATHAN MILLER,**

        **Defendant-Appellant.**

</td><td>

)
)
)
)
)
)
)
)
)
)
)

</td><td>

**Filed:  July 13, 2026**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY**

</td></tr>
</table>

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Jason D. Scott, District Judge.

Judgement of conviction and aggregate sentence of life in prison, with a minimum period of confinement of twenty-two years, for two counts of aggravated driving under the influence and being a persistent violator of the law, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; LORELLO, Judge;
and MELANSON, Judge Pro Tem

_____

PER CURIAM

Jacob Nathan Miller pled guilty to two counts of aggravated driving under the influence, Idaho Code § 18-8006.  Miller also admitted to being a persistent violator of the law, I.C. § 19-2514.  In exchange for his guilty pleas, additional charges were dismissed.  The district court sentenced Miller to an aggregate term of life in prison, with a minimum period of confinement of twenty-two years.  Miller appeals, arguing that his sentences are excessive.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

1

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Miller's judgment of conviction and sentences are affirmed.